121 P.3d 1283

STATE of Arizona ex rel. Gary
VERBURG, City Attorney,
Petitioner,

v.

The Honorable Michael D. JONES, Judge
of the Superior Court of The State of
Arizona, in and for the County of Mari-
copa, Respondent Judge,

Andrew Phipps, Real Party in Interest.

No. 1 CA–SA 05–0187.

Court of Appeals of Arizona,
Division 1, Department C.

Nov. 1, 2005.

Gary Verburg, City Attorney, by F. Tyler Rich, Assistant City Prosecutor, Phoenix, Attorneys for Petitioner.

Law Offices of Michael J. Dew, by Michael J. Dew, Phoenix, Attorneys for Real Party in Interest.

## OPINION

LANKFORD, Judge.

¶ 1 The State brought this special action to challenge a ruling excluding evidence of a defendant's refusal to perform field sobriety tests from a trial for driving under the influence ("DUI"). By prior order, we accepted jurisdiction and granted relief, with an opinion to follow. This opinion explains why we granted relief.

¶ 2 The special action is from a superior court ruling on appeal from a municipal court DUI conviction. Defendant was charged with two DUI counts: driving while impaired in violation of Arizona Revised Statutes

("A.R.S.") section 28–1381(A)(1) (Supp.2004) and "per se" DUI, i.e. driving with an alcohol content of .08 or above, in violation of A.R.S. § 28–1381(A)(2). Prior to the municipal court trial, the court denied defendant's motion to prevent the State from commenting on his refusal to undergo field sobriety tests. At trial, a police officer testified that the defendant had refused to participate in field sobriety tests. Defendant appealed to the superior court. The superior court reversed the judgment of conviction on the ground that the officer's testimony should not have been admitted.

¶ 3 The police officer testified that defendant had refused to participate in field sobriety tests:

> We got back to the vehicle, and then I was—I asked him if he would take some tests, and he said he would. I began to do an eye test. I gave him the instructions, basically, for the horizontal gaze nystagmus test. That's when he asked me, "Is this a field sobriety test," and I said, "Yes, it is." He said, "Well, then I don't want to take any field sobriety test."

¶ 4 The prosecutor also mentioned the refusal during closing arguments:

> What other evidence do we have of impairment to the slightest degree? We have him speeding, that alone is not [sic]. We have him driving on a line, not staying in his lane, driving in two lanes. We have him unable to get out of the vehicle on his own without using the door for balance. Now, we don't have the other field sobriety test because the Defendant refused to provide them [sic].

A jury found defendant not guilty of the per se DUI violation, but convicted him of driving while impaired.

¶ 5 The State seeks special action review of the superior court's ruling. No further appeal can be taken from a superior court appeal arising out of a municipal court judgment. See A.R.S. § 22–375(B) (2002); Ariz. R.Super. Ct.App. P.-Crim. 13(b). However, we have special action jurisdiction without regard to the limits on our appellate jurisdiction.[1] A.R.S. § 12–120.21(A)(4) (2003).

---

1. Indeed, the unavailability of a remedy by ap-

peal is one of the reasons we exercised our

¶ 6 We hold that a defendant's refusal to submit to field sobriety tests can be admitted into evidence in a DUI trial. Our holding rests on the proposition that, when supported by reasonable suspicion that a DUI offense has been committed, the administration of a field sobriety test is a lawful search.[2] If the search is lawful, then the suspect has no legal right to refuse it or interfere with it. If the suspect has no right to refuse, then evidence of his refusal is admissible.[3]

¶ 7 Our holding runs counter to a popularly held notion that a suspect can refuse field sobriety tests. If that idea were correct—if a suspect has a legal right to refuse field sobriety tests—then evidence of the refusal would be inadmissible because it would unfairly penalize the exercise of the constitutional right to be free from unreasonable searches and seizures. *See State v. Palenkas*, 188 Ariz. 201, 212, 933 P.2d 1269, 1280 (App.1996).[4]

¶ 8 The popular belief that a motorist can refuse field sobriety tests might be due to confusion between the *right* to refuse and the *power* to refuse. A person always has the power to refuse to submit to lawful authority. For example, a person can resist arrest, but ordinarily he has no right to do so: It is a crime to resist a lawful arrest. *See* A.R.S. § 13–2508 (2001). Similarly, a DUI suspect has the power to refuse to participate in field sobriety tests.[5] But that does not tell us whether he also has the legal right to refuse.

¶ 9 A suspect's capacity to withhold his cooperation is not the same as a legal right to grant or withhold his consent. As with breath tests, which also require the suspect's active cooperation, the suspect has the physical power but not the legal right to refuse field sobriety tests. *See State v. Krantz*, 174 Ariz. 211, 215, 848 P.2d 296, 300 (App.1992) ("[The implied consent] law does not give motorists charged with DUI the right to refuse the test; it only gives them the power to refuse and provides for certain consequences of such a refusal. . . .").

¶ 10 We therefore determine whether field sobriety tests are lawful searches which a suspect has no right to refuse or, on the other hand, are not lawful without the suspect's consent. The answer lies in a decision of our supreme court. In *State v. Superior Court (Blake)*, our supreme court said that roadside sobriety tests are limited searches. 149 Ariz. at 274, 718 P.2d at 176. Sobriety tests require only reasonable suspicion, not probable cause, to comply with the Fourth Amendment to the United States Constitution. *Id.* at 273–74, 718 P.2d at 175–76. "[R]oadside sobriety tests that do not involve long delay or unreasonable intrusion, although searches under the fourth amendment, may be justified by an officer's reasonable suspicion (based on specific, artic-

---

discretionary special action jurisdiction. *See* Ariz. R.P. Spec. Act. 1(a) ("Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy and adequate remedy by appeal.").

2. "Any examination of a person with a view to discovering evidence of guilt to be used in a prosecution of a criminal action is a search." *State v. Superior Court (Blake)*, 149 Ariz. 269, 274, 718 P.2d 171, 176 (1986).

3. The parties do not dispute that the evidence is otherwise admissible. *See State v. Vannoy*, 177 Ariz. 206, 211, 866 P.2d 874, 879 (App.1993) (breath test refusal admissible to show consciousness of guilt); *State v. Thornton*, 172 Ariz. 449, 452, 837 P.2d 1184, 1187 (App.1992) (evidence of refusal of breath test is "generally admissible").

4. In *Palenkas*, this Court held that the State's references to defendant's invocation of his Fourth Amendment rights were improper. Po-

lice requested a warrantless search of defendant's vehicle at his residence. Absent consent or an exception to the warrant requirement not shown by the facts of this case, the Fourth Amendment would have required a warrant for the search. The defendant withheld the consent that the police needed to search. We held that the State cannot penalize the exercise of Fourth Amendment rights by introducing evidence of, or making comment on, the defendant's failure to consent.

5. A suspect's cooperation is needed to effectively administer the tests. Two of the standard field sobriety tests require the active participation of the suspect: They consist of a one leg stand and a walk and turn. A third standard test, horizontal gaze nystagmus, requires at least the suspect's passive cooperation. *See generally State v. Superior Court (Blake)*, 149 Ariz. at 271, 718 P.2d at 173 (describing horizontal gaze nystagmus test).

ulable facts) that the driver is intoxicated." *Id.* at 274, 718 P.2d at 176.

¶ 11 The tests therefore were lawful if supported by reasonable suspicion, and they were so supported. The officer had reasonable suspicion based on his observations of defendant's erratic driving, his bloodshot and watery eyes, slurred speech, and trouble exiting the vehicle. *See id.* (erratic driving, appearance, and odor of alcohol constituted reasonable suspicion). Because the officer had a reasonable suspicion that defendant was driving under the influence, the search by conducting field sobriety tests was lawful, and evidence of the refusal was properly admitted. *Cf. State v. Superior Court (Spears),* 154 Ariz. 275, 277–78, 742 P.2d 286, 288–89 (App.1987) (holding that evidence of refusal of officer's request for field sobriety tests did not violate Fifth Amendment privilege against self-incrimination, and noting *Blake* had analyzed the issue as a search under the Fourth Amendment).

¶ 12 Our holding follows the rule elsewhere. Several state courts have held that field sobriety tests are searches supported by reasonable suspicion, and most hold that a suspect cannot refuse these tests when the requisite suspicion is present. *McCormick v. Mun. of Anchorage,* 999 P.2d 155, 160–61 (Alaska Ct.App.2000) (citing cases). *Cf. Svedlund v. Mun. of Anchorage,* 671 P.2d 378, 383–84 (Alaska Ct.App.1983) (ordinance criminalizing refusal of breath test is constitutional).

¶ 13 The admissibility of a refusal of field sobriety tests is also consistent with other Arizona decisions. Although Arizona courts previously have confronted only Fifth Amendment challenges, they have upheld evidence of refusal to take breath tests. *See State v. Superior Court (Ahrens),* 154 Ariz. 574, 578, 744 P.2d 675, 679 (1987) (holding that refusal to take breath test is not testimonial and is therefore admissible without violating Fifth Amendment privilege against self-incrimination); *Thornton,* 172 Ariz. at 452, 837 P.2d at 1187 (same); *Spears,* 154 Ariz. at 277, 742 P.2d at 288 (holding that admission of evidence of defendant's refusal to perform field sobriety tests did not violate

the Fifth Amendment because it was not "the result of governmental compulsion").

¶ 14 The State was entitled to introduce evidence that defendant refused a lawful search. The State was entitled to comment on that evidence in argument. The defendant's trial was not fatally defective because it included such evidence and comment. Accordingly, we granted relief from the superior court's order vacating defendant's conviction. We also stayed further proceedings pending further order of this Court. We now dissolve that stay and further direct that the superior court enter its order affirming the judgment of conviction.

CONCURRING: DONN KESSLER, Presiding Judge, and JAMES B. SULT, Judge.

