This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37441**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**THOMAS HERRERA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Thomas Herrera appeals the district court's order denying his motion to suppress. Defendant asserts on appeal that there was insufficient evidence for the court to find Defendant gave voluntary consent to search his vehicle. We affirm.

**BACKGROUND**

**{2}**     Roswell Police Department's Officer Narciso Santillan conducted a traffic stop after noticing that Defendant's license plate was not properly illuminated. Before reaching the driver's side window of the car, Officer Santillan could smell an odor of marijuana emanating from the car. When asked, Defendant admitted he had smoked marijuana earlier that day and that he had a marijuana pipe in the car.

**{3}**     Officer Santillan then had Defendant step out of the vehicle and asked, "Do you mind if I search the car?" at which point Defendant shook his head and stated, "No. I'm good, I already told you everything I have. Officer Santillan then searched the vehicle. Officer Santillan's search revealed a white crystalline substance scattered throughout the driver's side of the vehicle, as well as the marijuana pipe, which he found with Defendant's assistance. The white substance later tested positive for methamphetamine. Defendant was charged with possession of a controlled substance, possession of drug paraphernalia, and improper equipment (failure to have operating tail lamps).

**{4}**     Defendant later filed a motion to suppress the evidence discovered in the search, arguing the evidence was obtained in violation of his rights under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution.[1] Defendant argued that there was no reasonable suspicion for the initial stop, that the stop was pretextual, and that there was no warrant, probable cause, or consent to search the vehicle. Following an evidentiary hearing, the district court denied Defendant's motion to suppress, concluding, among other things, that Defendant gave voluntary consent for Officer Santillan to search his vehicle.

**{5}**     A jury then found Defendant guilty on all charges. Defendant appeals the district court's order denying the motion to suppress solely on the ground that he did not give consent to search the vehicle.

## DISCUSSION

**{6}**     Defendant argues the district court erred in denying his motion to suppress, asserting there was insufficient evidence to support a finding that he gave voluntary consent to search. "The voluntariness of consent is a factual question in which the [district] court must weigh the evidence and decide if it is sufficient to clearly and convincingly establish that the consent was voluntary." *State v. Davis*, 2013-NMSC-028, ¶ 10, 304 P.3d 10 (internal quotation marks and citation omitted). "The [s]tate has the burden of proving that, under the totality of the circumstances, consent was given freely and voluntarily." *Id.* ¶ 13. In undertaking our review, "we defer to the district court's findings of fact if substantial evidence exists to support those findings and view the facts

---

[1]"While [Defendant] mentions the New Mexico Constitution [in his Amended Motion to Suppress Evidence], he does not contend on appeal that the New Mexico Constitution confers broader rights than the United States Constitution." *State v. Carlos A.*, 2012-NMCA-069, ¶ 12, 284 P.3d 384. Nor has Defendant "offered any reasons supporting divergence from federal precedent in this area, which is required under the interstitial analysis adopted in *State v. Gomez*, 1997-NMSC-006, ¶¶ 19-22, 122 N.M. 777, 932 P.2d 1. As a result, we focus on Fourth Amendment jurisprudence as it has developed in our state." *Carlos A.*, 2012-NMCA-069, ¶ 12.

in the manner most favorable to the prevailing party." *State v. Martinez*, 2018-NMSC-007, ¶ 12, 410 P.3d 186 (internal quotation marks and citation omitted). "The question is whether the [district] court's result is supported by substantial evidence, not whether the [district] court could have reached a different conclusion." *State v. Anderson*, 1988-NMCA-033, ¶ 8, 107 N.M. 165, 754 P.2d 542. "The possibility that on similar facts another [district] court may have drawn different inferences[,]" does not mean the decision must be reversed on appeal. *Id.*

**{7}** To determine the voluntariness of consent to search, we apply a three-tiered analysis: "(1) there must be clear and positive testimony that the consent was specific and unequivocal; (2) the consent must be given without duress or coercion; and (3) the first two factors are to be viewed in light of the presumption that disfavors the waiver of constitutional rights." *Id.* ¶ 7.

**{8}** In regard to the first factor, Defendant argues there was evidence that showed his consent was not clear and unequivocal. However, we reiterate that our standard of review on a motion to suppress based on consent requires "all reasonable inferences in support of the district court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (alterations, internal quotation marks, and citation omitted). Thus, we review the record to determine whether substantial evidence supports the district court's finding that Defendant's consent was clear and unequivocal, not, as Defendant seems to suggest, whether evidence exists that might support a contrary finding.

**{9}** During the suppression hearing the district court heard testimony from Officer Santillan and reviewed his lapel cam video footage. Officer Santillan testified, "I asked [Defendant] if he minded if I searched the vehicle," at which point, Officer Santillan explained, Defendant said he did not mind. Officer Santillan also testified that when he could not find the marijuana pipe, Defendant assisted him in locating it. The State supported Officer Santillan's testimony by admitting into evidence his lapel cam video. In the video, the district court was able to hear Defendant's response, and see his non-verbal gestures when Officer Santillan asked for consent to search. Specifically, the district court was able to hear Officer Santillan ask, "Do you mind if I search the car?" and hear Defendant's response, "No. I'm good, I'm telling you everything I have." The district court was also able to observe Defendant shaking his head in a manner consistent with his verbal response. With Officer Santillan's testimony, and the consistent objective evidence of the lapel cam footage, there was substantial evidence to support the district court's finding that Defendant gave specific and unequivocal consent.

**{10}** In regard to the second factor, Defendant does not assert that his consent was the result of duress or coercion. Even if he did, the district court was presented with sufficient evidence to find that Officer Santillan was courteous, professional, and did not act in a coercive manner. At the time Defendant gave consent, he was not under arrest; Officer Santillan did not use force or display his weapon; nor did Officer Santillan subject Defendant to lengthy or abusive questioning. *See State v. Chapman*, 1999-

NMCA-106, ¶ 21, 127 N.M. 721, 986 P.2d 1122 (describing these and other factors that may render consent involuntary due to coercion or duress). Therefore, we hold there is substantial evidence that consent was given voluntarily and not as the result of duress or coercion.

**{11}** Finally, "[b]ecause the third prong is an acknowledgment of our presumption against waiving constitutional rights, we focus on the first two prongs." *Davis*, 2013-NMSC-028, ¶ 14. Under the third factor, the "[u]ltimate[] . . . inquiry is whether the defendant's will has been overborne." *Id.* (alteration, internal quotation marks, and citation omitted). Because there is substantial evidence to hold that Defendant gave specific and unequivocal consent, free of duress or coercion, we therefore conclude the Defendant's consent was voluntarily given. *See State v. Valencia Olaya*, 1987-NMCA-040, ¶ 25, 105 N.M. 690, 736 P.2d 495 ("Since voluntary consent is a substitute for probable cause, it must be clear that actual consent was voluntarily given to overcome the presumption against waiver of a constitutional right." (citation omitted)).

## CONCLUSION

**{12}** Based on the foregoing, we affirm the district court's order denying Defendant's motion to suppress.

**{13}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**