This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                      **NO. 33,879**

**DOMINIC PHILLIPS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Pursuant to a plea agreement reserving the right to appeal, Defendant challenges the denial of his motion to suppress. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's decision. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

{2}     We previously set forth the relevant background information and guiding authorities at some length in the notice of proposed summary disposition. We will avoid undue repetition here and focus instead on the content of the memorandum in opposition.

{3}     Defendant continues to challenge the validity of the warrantless entry which preceded his arrest. [MIO 1-9] As we previously observed, insofar as the owner/lessee had common authority over the area, her consent supplied a valid basis for the police entry. *See State v. Duffy*, 1998-NMSC-014, ¶ 72, 126 N.M. 132, 967 P.2d 807 ("It is constitutionally permissible for the police to search a person's home if they have received valid consent from a person who is in possession of or who has common authority over the premises."), *overruled in part on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110.

{4}     Defendant does not dispute the sufficiency of the evidence to establish the owner/lessee's common authority. Instead, he continues to rely on authority

addressing situations in which one resident consents to an entry but another objects. [MIO 6-7] However, as we previously observed, this authority is inapposite insofar as Defendant raised no objection to the police entry. [RP 130]

{5}     In his memorandum in opposition Defendant suggests that he may have lacked the opportunity to object and encourages the Court to presume or infer an objection under the circumstances. [MIO 5-7] However, in light of the standard of review, we are not at liberty to do so. *See generally State v. Lopez*, 2005-NMSC-018, ¶ 9, 138 N.M. 9, 116 P.3d 80 ("[W]e must draw all reasonable inferences in support of the district court's denial of [a d]efendant's motion to suppress and defer to the district court's determination of the facts.").

{6}     Finally, we understand Defendant to suggest that the warrantless entry should be deemed invalid under the greater protections afforded by the New Mexico Constitution. [MIO 7-9] Although we acknowledge the fact that the New Mexico Constitution may provide greater protections than its federal counterpart, Defendant fails to explain how this could be said to diminish the ability of the owner/lessee to consent to a warrantless entry based on her common authority over the area. [MIO 7-9] The cases cited by Defendant have no bearing on this question. [MIO 7-9] We therefore decline to consider the argument further. *See State v. Urioste*, 2011-NMCA-121, ¶ 29, 267 P.3d 820 ("[T]his Court's policy is to refrain from reviewing unclear

or undeveloped arguments which require us to guess at what [a party's] arguments might be[.]" (internal quotation marks and citation omitted)); *see, e.g., State v. Randy J.*, 2011-NMCA-105, ¶¶ 27-30, 150 N.M. 683, 265 P.3d 734 (declining to consider an undeveloped argument based on a general assertion that the New Mexico Constitution affords greater protections).

{7}     Accordingly, for the foregoing reasons, as well as the reasons set forth in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**