This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                     **No. 35,483**

**ROBERT FULLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Defendant pled guilty to DWI, reserving the right to appeal the denial of his motion to suppress. We previously proposed to summarily affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

**{2}** The pertinent background and applicable principles of law were set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

**{3}** Defendant has argued that the officer who initiated the traffic stop lacked justification for expanding the scope of the encounter into a DWI investigation. [DS 3; MIO 6-14] He continues to assert that the odor of alcohol and his own admission to having consumed alcohol prior to driving should not be regarded as sufficient to give rise to reasonable suspicion. [Id.] We remain unpersuaded.

**{4}** As we observed in the notice of proposed summary disposition, this Court has held that an officer's detection of the odor of alcohol about a driver, together with the driver's admission to drinking, is sufficient to give rise to reasonable suspicion of DWI. *See, e.g., Schuster v. N.M. Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶ 30, 283 P.3d 288 (observing that an officer had reasonable suspicion to expand an encounter into a DWI investigation where he testified that he smelled a strong odor of alcohol, the driver's eyes were bloodshot and watery, and upon inquiry the driver

admitted that he had consumed alcohol); *State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282 (holding that an officer developed reasonable suspicion to pursue a DWI investigation after noting alcohol on the driver's breath). Defendant argues that additional circumstances *could have* contributed to the existence of reasonable suspicion in both of the aforementioned cases. [MIO 8-10] However, *Walters* in particular is very clear in its pronouncement that detection of the odor of alcohol supplies reasonable suspicion to embark upon a DWI investigation. *Id.* Defendant characterizes this as dicta, and as such, he invites us to depart from it, largely in reliance upon out-of-state authority. [MIO 9-14] We decline the invitation, finding our own published decisions to be sufficiently clear and authoritative to be controlling. *See id.*; *and see also State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 (holding that an officer's detection of the odor of marijuana on the driver's person "provided objective, articulable facts that would lead a reasonable officer to suspect that [he] was driving under the influence" such that the officer permissibly expanded the scope of the traffic stop to investigate a possible DWI).

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**

_____

                    **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**


_____

**STEPHEN G. FRENCH, Judge**