This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38501**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NINA LUNA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Attorney
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's affirmance of her judgment and deferred sentence for driving while under the influence and speeding, following a bench trial in metropolitan court. [DS 2; RP 128] In this Court's notice of proposed disposition, we proposed to adopt the district court's memorandum opinion affirming the conviction. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     Defendant continues to reiterate in her memorandum in opposition the same issues as she raised in both her docketing statement and in her on-record appeal to the district court. However, we have already proposed to adopt the district court's memorandum opinion for purposes of appeal and affirm on these issues, explaining that "the district court issued a thorough, well-reasoned memorandum opinion, presenting the facts and arguments of the case and the district court's analysis in response thereto." [CN 2] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}**     Specifically, we do not agree with Defendant's continued argument that the field sobriety tests are not probative of Defendant's impairment because the tests were designed to correlate with specific blood alcohol concentrations. *See State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 ("[A]dministration of field sobriety tests is a reasonable part of an investigation where the officer has reasonable suspicion that the person was driving under the influence of alcohol *or drugs*" (emphasis added)). Moreover, when, as here, the officer observed signs of impaired driving and smelled a strong odor of marijuana, and Defendant admitted to having used marijuana, Defendant has not convinced us that expert testimony from a drug recognition expert (DRE) was required. *See State v. Aleman*, 2008-NMCA-137, ¶¶ 9, 19, 145 N.M. 79, 194 P.3d 110 (explaining that a DRE's knowledge is specialized in its ability to correlate observations of intoxication or impairment with a particular category of drug and noting that the DRE protocol "in its entirety is not scientific because some of the steps the DREs perform merely document a series of observations of the common physical manifestations of intoxication, and these symptoms are self-explanatory" (internal quotation marks and citation omitted)); *see also State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that most field sobriety tests are self-explanatory and address commonly understood signs of intoxication).

**{4}**     Defendant has not pointed out any errors in our notice of proposed disposition, *see Hennessy*, 1998-NMCA-036, ¶ 24, nor has Defendant otherwise asserted any fact, law, or argument in her memorandum in opposition that persuades us that our notice of proposed disposition was erroneous, *see Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, for the reasons stated in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**