This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: February 28, 2017**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.                                                                     **NO. S-1-SC-35926**

**DESEREE GONZALES,**

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Petitioner


Bennett Baur, Chief Public Defender
Steven James Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Respondent


**DECISION**

**CHÁVEZ, Justice.**

{1}     Deseree Gonzales was stopped by Officer Curtis Curran because she was traveling approximately 95 mph in a 60 mph zone and drifting across lane markers. As Officer Curran approached her vehicle, he noticed a strong odor of marijuana emanating from inside it.  Officer Curran observed that Gonzales had bloodshot, watery eyes and that there was an odor of marijuana emanating from her person.  He asked her if she had smoked marijuana.  She stated that her passengers had been smoking and that she had smoked earlier.  Officer Curran told Gonzales that she should not be driving in that condition, and she responded "I know, I know."

{2}     Officer Curran had Gonzales perform standardized field sobriety tests (SFSTs): the Horizontal Gaze Nystagmus (HGN), the Walk-and-Turn (WAT), and the One-Leg Stand (OLS).  The HGN required Gonzales to follow a pen with her eyes as Officer Curran moved it from one side to the other, which she performed without difficulty. Officer Curran testified that the WAT and OLS tests are designed to determine how well a person can perform tasks when his or her attention is divided, so that the officer can decide whether that person can safely drive a car.  The WAT required the person to walk heel-to-toe while counting.  During the WAT test, Officer Curran observed Gonzales step out of the starting position twice, stop during the test to say

2

how nervous she was, and step off the line twice. During the OLS test, a person must maintain his or her foot in the air and count at the same time. As Gonzales performed the OLS, Officer Curran noticed that she swayed and dropped her foot. Gonzales commented that her legs were shaking, and Officer Curran told her that her body tremors were a sign that she had used marijuana. During the bench trial, Officer Curran testified that he knew that tremors were caused by someone being under the influence of marijuana because he had observed it while being trained as a drug recognition evaluator (DRE). During this testimony, defense counsel objected because of a lack of foundation. The trial court overruled the objection, agreeing with the State that such evidence went to the weight rather than the admissibility of the evidence.

{3}     Gonzales was convicted after a bench trial in metropolitan court of driving under the influence of drugs in violation of NMSA 1978, Section 66-8-102(B) (2010, amended 2016). On appeal to the district court, she argued that it was error to admit Officer Curran's opinion testimony, and that without such testimony there was insufficient evidence to support the conviction. The district court found no reversible error and affirmed her conviction. On appeal to the Court of Appeals, the State conceded that it was error to admit the testimony, but argued that it was harmless

3

error because the trial judge did not rely on the evidence and because the remaining evidence was sufficient to support the conviction. The Court of Appeals majority held that the error was not harmless and that the remaining evidence was insufficient to support the conviction. *State v. Gonzales*, No. 33,627, mem. op. ¶¶ 1, 19-29 (N.M. Ct. App. May 5, 2016) (non-precedential). The Court of Appeals reversed Gonzales's conviction, *id.* ¶ 30, and we granted the State's petition for writ of certiorari, 2016-NMCERT-___ (No. S-1-SC-35926, July 1, 2016).

{4}     Because the State concedes that the trial court erred in admitting Officer Curran's opinion that marijuana caused Gonzales's leg tremors, the only issue before us is whether the other evidence presented is sufficient to support the conviction. We conclude that it is sufficient and affirm Gonzales's conviction.

{5}     "We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. This is because when a judge is confronted with erroneous evidence during a bench trial, "he or she must subsequently disregard or ignore" that evidence when rendering the decision. *State v. Campos*, 1996-NMSC-043, ¶ 27, 122 N.M. 148, 921 P.2d 1266. In this case,

4

we are satisfied that the metropolitan court judge did not rely at all on Officer Curran's opinion about the cause of leg tremors.

{6} In its ruling, the trial court described the evidence on which it relied to find Gonzales guilty. Officer Curran's testimony about the cause of Gonzales's leg tremors was completely absent from the court's ruling. The trial court began its description of the evidence by stating it knew that Gonzales had used marijuana because of Gonzales's own admission. In addition, the court noted that Officer Curran "didn't just smell [marijuana] from the vehicle and all the other passengers, he smelled it [coming] from [Gonzales] when [she stepped] out of the vehicle." From looking at the recording of the traffic stop, the trial court observed that Gonzales did not appear nervous until Officer Curran began explaining to her how to perform the SFSTs. Finally, the trial court acknowledged that Gonzales was driving her vehicle unsafely. The trial court summarized its rationale for finding Gonzales guilty as follows:

> [B]ased off of your admissions, [and] what the officer testified he saw in the field sobriety tests, would I want you to get back behind [the] wheel of the car and feel that you are not impaired by that marijuana and want you to continue driving that night? And the answer I have is no. I would never have let you get back in that vehicle and drive that vehicle . . . and because of that I am going to find you guilty of . . . driving while intoxicated.

5

{7}     In the final analysis, the admission of Officer Curran's opinion was harmless error. Improperly admitted evidence is harmless if "there is no reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (emphasis in original) (internal quotation marks and citation omitted). "[A] review of the particular circumstances in each case, rather than mechanical application of a multi-factor test, must guide the inquiry into whether a given trial error requires reversal." *Id.* ¶ 2. This review can include "an examination of the source of the error and the emphasis placed upon the error." *Id.* ¶ 43. The record supports our conclusion that the trial court did not rely on Officer Curran's opinion, and therefore admission of such evidence was harmless.

{8}     We also conclude that the remaining evidence was sufficient to support the conviction. "In reviewing for sufficiency of the evidence, this Court views the evidence in the light most favorable to the verdict," *State v. Arrendondo*, 2012-NMSC-013, ¶ 10, 278 P.3d 517, and analyzes whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Garcia*, 1992-NMSC-048, ¶ 26, 114 N.M. 269, 837 P.2d 862 (emphasis in original) (internal quotation marks and citations omitted). The question is "whether substantial evidence of either direct or circumstantial nature exists to support a verdict of guilt

6

beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Johnson*, 2004-NMSC-029, ¶ 54, 136 N.M. 348, 98 P.3d 998 (internal quotation marks and citation omitted). We apply these principles to our review of the evidence used to support Gonzales's conviction for driving under the influence of drugs.

{9} To convict Gonzales of driving under the influence of drugs under Section 66-8-102(B), the State had to prove beyond a reasonable doubt that (1) Gonzales operated a motor vehicle; (2) while she "was under the influence of drugs to such a degree that [she] was incapable of safely driving a vehicle;" and (3) that the offense happened in New Mexico. UJI 14-4502 NMRA. The element at issue is whether Gonzales was under the influence of drugs to a degree that rendered her incapable of safely driving a vehicle.

{10} The trial court ably described the evidence that supports the conviction: Gonzales admitted that she had smoked marijuana and that she was in a car while others were smoking marijuana. She acknowledged that she should not have been driving while under the influence of marijuana. Officer Curran testified he told Gonzales that she "shouldn't be driving a vehicle, especially at 95 miles an hour . . . smoking marijuana," and that Gonzales replied "yeah, I know, I know." Officer

Curran also observed that she had bloodshot, watery eyes. Taken together, and viewing it in the light most favorable to the verdict, this evidence gives rise to a reasonable inference that Gonzales was under the influence of marijuana. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (noting that a review for sufficiency of the evidence requires "indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict").

{11} The fact that Gonzales was driving at least 95 mph on a 60 mph road while drifting over lane markers is sufficient evidence that she was incapable of safely driving. The trial court commented that it

> [saw] on the video . . . where [Gonzales was] moving over off [her] lane into the right hand lane, there was other traffic on the road at that time . . . [and it did not] think that at 95 miles an hour and with other traffic on the road . . . that [Gonzales was] paying attention to what [she] needed to be.

The trial court further stated it knew by that evidence that Gonzales was "driving that vehicle unsafely." We will not substitute our judgment for that of the trial court as long as there is sufficient evidence to support the verdict. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

{12} Additionally, the trial court heard evidence—to which there was no objection—that Gonzales performed poorly on the WAT and OLS tests, which

8

Officer Curran testified are administered to evaluate a person's ability to multi-task, and thus determine whether the person is capable of safely driving. *See State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 (considering SFSTs in analyzing the sufficiency of the evidence because "[a]dministration of field sobriety tests is a reasonable part of an investigation where the officer has reasonable suspicion that the person was driving under the influence of alcohol or *drugs*" (emphasis added)).

{13}     Gonzales contends that there are other reasonable explanations for her actions and physical manifestations on the night of her arrest, but the trial judge was not obligated to interpret the evidence in her favor. *See State v. Johnson*, 1983-NMSC-043, ¶ 7, 99 N.M. 682, 662 P.2d 1349 ("Conflicts in evidence are to be resolved by the trier of facts . . . ."). On appeal, we "resolv[e] all conflicts in the evidence in favor of the verdict." *Cunningham*, 2000-NMSC-009, ¶ 26. Appellate courts "do[] not consider the merit of evidence that may have supported a verdict to the contrary." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (internal quotation marks and citation omitted). We do not reweigh the evidence. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{14} Finally, Gonzales relies on *State v. Aleman*, 2008-NMCA-137, 145 N.M. 79, 194 P.3d 110, to argue that Officer Curran's failure to conduct a complete DRE[1] investigation makes the evidence insufficient to support her conviction. Gonzales reads too much into *Aleman*. Although DRE evidence is helpful to a fact finder, *id.* ¶ 19, its use is not required in every case.

{15} Viewing the evidence in the light most favorable to the verdict, we hold that there was sufficient evidence to support the trial court's conclusion that Gonzales was under the influence of drugs to a degree that rendered her incapable of safely driving a vehicle.

**CONCLUSION**

{16} We conclude that despite the erroneous admission of Officer Curran's testimony that marijuana causes leg tremors, there was sufficient evidence supporting the trial court's finding that Gonzales was under the influence of drugs to a degree that rendered her incapable of safely driving a vehicle. We reverse the Court of

---

[1]A DRE investigation is used to identify which of the seven drug categories is the cause of the observed intoxication, particularly when it is suspected that the intoxication is not alcohol-based. Officer Curran stated that he did not conduct a DRE investigation in this case because he had already determined the relevant category of drug by which Gonzales was impaired due to his observations, and therefore he no longer needed to identify the drug.

Appeals and affirm Gonzales's conviction for driving under the influence of drugs.

{17}    **IT IS SO ORDERED.**


_____
**EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**


_____
**CHARLES W. DANIELS, Chief Justice**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**BARBARA J. VIGIL, Justice**


_____
**JUDITH K. NAKAMURA, Justice**