This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41101

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH E. FULLER,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Asra I. Elliot, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from his bench trial conviction of driving while intoxicated (DWI). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, Defendant asks this Court to reassign his case to the general calendar "to ensure adequate review of the issues presented in his appeal." [MIO 8] We note, however, that it is trial counsel's responsibility to provide this Court with a full picture of the facts. *See* Rule 12-208(D)(3) NMRA (explaining that the docketing statement should

contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). As noted in the calendar notice, the docketing statement lacked information and failed to fully comply with Rule 12-208(D)(3). In addition, there is no mention in Defendant's memorandum in opposition regarding what efforts, if any, Defendant's appellate counsel made to acquire the necessary information either from trial counsel or from the metropolitan court. Rather, Defendant simply asks for his case to be reassigned to the general calendar, which we decline to do.

{3}     Defendant continues to argue that the metropolitan court erred in denying his motion to suppress because the deputy lacked reasonable suspicion to expand the traffic stop into a DWI investigation. [MIO 8] Specifically, Defendant asserts that when the deputy ordered Defendant to get out of the car there were no "observable facts" to support a reasonable suspicion of alcohol intoxication to justify expanding the stop. [MIO 9] Defendant, however, does not dispute any of the facts or law upon which our proposed analysis relied. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As our calendar notice states, the deputy testified that he smelled alcohol in the vehicle as well as on Defendant's person. [CN 4-5] Specifically, the deputy testified that after stopping Defendant, "he smelled a faint odor of alcohol from inside the vehicle" and "observed [Defendant] to have bloodshot, watery eyes." [MIO 3] In addition, the deputy testified that after placing Defendant in his patrol car to question him about his revoked license, he "was able to smell the odor of alcohol coming from [Defendant.]" [MIO 3] It was at this point that the deputy administered standardized field sobriety tests (SFSTs). [MIO 4] This Court has held that an officer's detection of the odor of alcohol about a driver is sufficient to give rise to reasonable suspicion of DWI. *See State v. Walters*, 1997-NMCA-013, ¶¶ 6, 26, 123 N.M. 88, 934 P.2d 282 (reasoning that the odor of alcohol gave the officer reasonable suspicion to investigate whether the defendant was driving under the influence). Accordingly, we conclude that because the deputy observed signs of intoxication both before and after Defendant was arrested for his revoked license he had reasonable suspicion to expand the stop into a DWI investigation. *See State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 (concluding that an officer's detection of the odor of marijuana emanating from a vehicle as well as on the driver's person "provided objective, articulable facts that would lead a reasonable officer to suspect that [the driver] was driving under the influence").

{4}     Defendant also continues to argue that his arrest for DWI was not supported by probable cause because the deputy "lacked facts on which it was reasonable to believe that [Defendant] was impaired." [MIO 13] Specifically, Defendant contends that there was no evidence he was driving in an unsafe manner, he was experiencing car trouble, and the deputy only observed minimal signs of impairment during the SFSTs, which could be explained by his physical injuries. [MIO 14] Defendant, however, has not provided us with any new facts, argument, or authority to demonstrate that our proposed disposition was erroneous. As explained in our calendar notice, the deputy smelled an odor of alcohol emitting from Defendant's facial region and Defendant had difficulty in complying with the SFSTs. [CN 6] In addition, the deputy observed

Defendant's bloodshot, watery eyes. [MIO 3] Based on this evidence, we conclude that the deputy had probable cause to arrest Defendant for DWI. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well).

**{5}**     Defendant also continues to argue that he did not make a knowing, voluntary waiver of his *Miranda* rights because the deputy "read the *Miranda* warnings in too rapid and perfunctory manner for full comprehension." [MIO 11] Defendant has not provided any new facts, law, or argument to persuade us that our proposed disposition was erroneous. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}**     Defendant next continues to argue that his statements regarding his suspended license were duplicative of what the deputy already knew and therefore "may have contributed to his DWI conviction." [MIO 11-12] Defendant has not provided any new facts, law, or argument to persuade us that our proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Moreover, Defendant acknowledges that the metropolitan court "stated on the record that it did not consider these statements in reaching its verdict." [MIO 12; RP 72] *See State v. Pickett*, 2009-NMCA-077, ¶ 21, 146 N.M. 655, 213 P.3d 805 (explaining that "we presume that the judge in a bench trial is able to properly weigh the evidence and that erroneous admission of evidence is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision." (internal quotation marks and citation omitted)). Accordingly, we conclude that Defendant has not met his burden demonstrating that the metropolitan court erred.

**{7}**     Finally, Defendant contends that the metropolitan court abused its discretion in allowing the deputy to testify about the SFSTs. [MIO 12-13] As we explained in the calendar notice, the deputy's testimony appeared to fall within the realm of lay testimony as it did not include statements about the results or opinions on Defendant's performance. [CN 9-10] Rather, it appeared to be a recitation of what the deputy did and observed while administering the tests. *See Town of Taos v. Wisdom*, 2017-NMCA-066, ¶ 26, 403 P.3d 713 (explaining that "recitation of what [the officer] said and did in administering the test, and his observations of [a d]efendant's actions during the HGN, walk-and-turn, and one-leg stand tests . . . fits firmly within the definition of lay testimony"). Defendant has not provided us with any new facts, argument, or authority to demonstrate that our proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, we conclude that the metropolitan court did not err in allowing the deputy to testify regarding the SFSTs.

**{8}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction for DWI.

**{9}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**